### R. T. THURMAN v. STATE.

No. A-2448.   Opinion Filed August 7, 1916.

(158 Pac. 1124.)

INTOXICATING LIQUORS—Criminal Prosecutions—Verdict. Where the information charged that the defendant did have the possession of intoxicating liquors with intent to sell the same, a verdict of "guilty of unlawful possession of intoxicating liquors" is sufficient. The failure of the jury to make an express finding as to the intent to sell is not error requiring a reversal of the judgment.

*Appeal from the Superior Court of Muskogee County;*
*H. C. Thurman, Judge.*

R. T. Thurman, convicted of a violation of the prohibitory law appeals.   Affirmed.

*S. E. Gidney,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error was convicted in the superior court of Muskogee county and sentenced to be confined in the county jail for thirty days and to pay a fine of fifty dollars. in accordance with the verdict of the jury.

The information charges that in said county on the 18th day of August, 1914, R. T. Thurman did, knowingly and unlawfully,. have possession of twenty (20) ten-ounce bottles of whisky, four (4) sixteen-ounce bottles of whisky, with the intention on the part of him to sell the same.

J. F. Ledbetter, sheriff of said county, testified that in executing a search warrant against the defendant's place of business, known as the North End Drug Store, that he found the whisky in cartons on the shelves; that there was no difference between the cartons containing the whisky bottles and those containing medicine bottles; that the defendant was present and said that he was the owner of the drug store.   That he knew the general reputation of the defendant's place of business as to being a place where whisky was sold, and that reputation was that. whisky was being sold there.

The evidence for the defendant shows that he conducted the North End drug store and a rooming house on the floor above.

Tom Richards, for the defendant, testified that he carried a grip there for "some fellows" who were delegates to a convention; that they went into the drug store and they took some little. packages out of the grip and put them on the show case, and then.

told the porter to keep the grip until they returned, "that they would be right back."

One or two other witnesses testified that they were present at the drug store when the witness, Richards, brought in the grip, and that the delegates asked one of the boys there to keep the grip, and the packages they took out of it, until they returned. The defendant did not testify:

The jury returned the following verdict:

"We, the jury in the above entitled action, duly impaneled and sworn upon our oaths, find the defendant, R. T. Thurman, guilty of the crime of having unlawful possession of intoxicating liquors and fix his punishment at imprisonment in the county jail for a period of thirty days and a fine of $50.00."

The first contention is that the information is duplicitious, and that the court erred in overruling defendant's demurrer thereto, is without merit. The information is sufficient.

It is next contended "that the verdict is not in conformity with law, and does not find the defendant guilty of the offense alleged in the information," in that "the jury do not find that the defendant's possession of the intoxicating liquors was with intent to sell, barter, and give away the same."

It appears from the record that the first objection made to the sufficiency of the verdict was in the motion for a new trial, and that no objection was made to the verdict at the time it was returned.

We think the verdict is sufficient.

In the case of *Walker v. The State,* 11 Okla. Cr. 339, 127 Pac. 896, this court said:

"Strict rules of construction should never be applied to the verdict of a jury. Their verdict should receive a common sense construction, and, if it is possible to arrive at the intent and purpose of the jury, the verdict should be upheld."

It is also contended that the verdict is contrary to the evidence.

Whether the liquor in question was brought to the defendant's place of business without his knowledge or consent or whether it was kept there by him for sale, were questions of fact for the determination of the jury, and it is not the province of this court to interfere with the conclusion reached by a jury on conflicting evidence.

Finding no material error in the record, the judgment is affirmed.

ARMSTRONG and BRETT, JJ., concur.